**Kenneth W. REED, Petitioner— Appellant,**

v.

**Terry L. STEWART, Respondent— Appellee.**

**No. 03–15591.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 18, 2004.

Decided June 29, 2004.

Kenneth W. Reed, Buckeye, AZ, pro se.

Javier Chon–Lopez, Asst. Fed. Pub. Def., FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Petitioner–Appellant.

Randall Mack Howe, Esq., AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, Vincent L. Rabago, AGAZ—Office of the Arizona Attorney General, Tucson, AZ, for Respondent–Appellee.

Before: GOODWIN, HUG, and TALLMAN, Circuit Judges.

MEMORANDUM *

We affirm the district court's denial of Reed's federal habeas petition.

First, even assuming that the Arizona Court of Appeals failed to provide Reed with a copy of the mandate in his state direct appeal and that this was the cause of Reed's failure to file a timely Rule 32

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

petition, any petition that Reed might have filed could not have included the instant shackling claim because he waived it by failing to raise it in his state court direct appeal. Ariz. R.Crim. P. 32.2(a)(3). Failure to reach the merits of the claim will not result in a fundamental miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Therefore, Reed's shackling claim is procedurally defaulted.

Because no Arizona court has ruled on the merits of Reed's ineffective assistance of counsel claim, the deferential standard of standard of review under the Anti–Terrorism and Effective Death Penalty Act of 1996 does not apply; we review the claim de novo. *See Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir.2003). Reed was required to demonstrate that his attorney's performance fell below an objective standard of reasonableness and that the defective performance actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Reed fails to fulfill either requirement. His counsel's failure to object to the shackling did not fall below prevailing professional norms and, even if it did, Reed has not shown that he was prejudiced.

Finally, we decline to expand the certificate of appealability because Reed has not made a substantial showing that he was denied his constitutional right to access to the courts. *See* 28 U.S.C. § 2253(c)(2).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.